IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JEROME PERKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2306-STA-egb |
| | ) | |
| OFFICER THOMPSON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER OF PARTIAL DISMISSAL
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

On May 5, 2016, Plaintiff Jerome Perkins ("Perkins"), who is currently an inmate at the Northeast Correctional Complex in Mountain City, Tennessee, filed a Pro Se Complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*.  (ECF Nos. 1 & 2.) The Court granted Perkins leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b).  (ECF No. 4.) The events alleged in the Pro Se Complaint occurred at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee.  Venue is therefore in this District.  The Clerk shall record the Defendants as Officer First Name Unknown ("FNU") Thompson and Former WTSP Warden James Holloway.

## **BACKGROUND**

Perkins alleges that on July 26, 2015, Defendant Thompson violated his Eighth Amendment Rights when Defendant Thompson kicked a cell door food slot, closing it on Thompson's fingers and causing Perkins's finger to be severely cut.  (Compl. at 5, ECF No. 1.)

Perkins alleges that Defendant Thompson acted "maliciously and sadistically for the very purpose of causing harm. . . " and without penological justification. (*Id.*) Perkins seeks $25,000 in money damages from each Defendant. (*Id.*) Perkins has made his grievances a collective exhibit to his pleadings. In the grievances Perkins elaborates that during a count, Defendant Thompson walked by Perkins's cell. When Perkins asked Thompson "What's up?", Thompson respond "This dick, nigga." Perkins was angry and felt disrespected, so he called Thompson a "bitch." Thompson then kicked the food flap on Perkins's cell door closing the flap on top of Perkins's fingers and made a deep cut into Perkins's middle finger. Thompson and another corrections officer then laughed and told Perkins "That [sic] what you get." Grievance 251906 at 4, (ECF No. 1-1.)

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Pro Se Complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v.*

*Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL

285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## ANALYSIS

Perkins filed his Pro Se Complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

**I. Claims against Defendant Holloway**

The Pro Se Complaint contains no factual allegations against Defendant Holloway. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Therefore, Perkins's claim against Defendant Holloway is dismissed.

**II. Eighth Amendment Claims for Excessive Force**

Perkins alleges he was subjected to excessive force. The Eighth Amendment prohibits cruel and unusual punishment for those convicted of a crime. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). Where an inmate challenges a use of force by prison guards, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21 (internal quotation marks omitted); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) ("The 'core judicial inquiry' [for an excessive force claim] was not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to restore discipline, or maliciously and sadistically to cause harm." (internal quotation marks omitted)).

A significant physical injury is not required to establish the objective component of an Eighth Amendment claim. *Wilkins*, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."); *Hudson v. McMillian*, 503 U.S. 1, 7-9 (1992) (same). However, the Supreme Court has made clear that trivial physical contact does not violate the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d [1028,] 1033 [(2d Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chamber, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.

*Id.* at 9-10 (internal quotation marks omitted); *see also Wilkins*, 559 U.S. at 38 ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.").

The Sixth Circuit has held that a prison guard's use of *de minimis* force to return an inmate to his cell did not violate the Eighth Amendment. *Johnson v. Coolman*, 102 F. App'x 460, 461 (6th Cir. 2004). The defendants in *Johnson* were alleged to have "pushed [the prisoner] into his cell, pulled hard on the security strap attached to his handcuffs, hurting his wrists, and then, while removing his cuffs, attempted to bend his thumb back." *Id.*; *see also Tuttle v. Carroll Cnty. Detention Ctr.*, 500 F. App'x 480, 482 (6th Cir. 2012) (allegation that deputy grabbed inmate's privates and squeezed them "really hard" during a search insufficient to state an Eighth Amendment claim); *Leary*, 528 F.3d at 443 (allegation that deputy hit pretrial detainee on the neck with no intention to hurt him, in "a karate chop kind of deal," held to be a *de minimis* use of force); *Lockett v. Suardini*, 526 F.3d 866, 875 (6th Cir. 2008) (holding that officers "minimal

application of force, together with Lockett's admitted minor injuries, did not rise to a level that is sufficient to sustain an Eighth Amendment claim"); *Briggs v. Miles*, No. 1:13-cv-228, 2015 WL 1120132, at *12 (W.D. Mich. Mar. 12, 2015) (allegation that officer "shoved" inmate inside transport van is "the very sort of *de minimis* force that falls outside the scope of the Eighth Amendment"). The Court holds that Perkins's Pro Se Complaint along with his grievances state a claim for relief against Thompson under the Eighth Amendment.

## CONCLUSION

The Court DISMISSES Perkins's Pro Se Complaint against Warden Holloway for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Process will be issued for Defendant Thompson on Perkins's Eighth Amendment claim for the use of excessive force.

It is **ORDERED** that the Clerk shall issue process for Defendant Thompson and deliver that process to the U.S. Marshal for service. Service shall be made on Defendant Thompson pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10), either by mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further **ORDERED** that Perkins shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendant Thompson or on any unrepresented Defendant. Perkins shall make a certificate of service on every document filed. Perkins shall familiarize himself with Federal Rules of Civil Procedure and the Local Rules.

Perkins shall promptly notify the Clerk in writing of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  May 15, 2017.